United States Court of Appeals,

Fifth Circuit.

No. 94-30217.

Paula HALL, as next friend for Robert Williams IV, Plaintiff-Appellant,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant-Appellee.

April 25, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before BARKSDALE and PARKER, Circuit Judges, and COBB, District Judge[*].

ROBERT M. PARKER, Circuit Judge:

Appellant appeals the amount of attorney's fees awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Finding no abuse of discretion, we affirm.

FACTS

Defendant-Appellee, Donna Shalala, Secretary of Health and Human Services ("the Secretary") denied Social Security benefits to Plaintiff-Appellant Robert Williams, IV ("Williams"). Paula Hall, ("Hall") as next friend for Williams, brought an action in federal court for review of the Secretary's decision. The case was remanded for reconsideration in light of the proper legal standards, and Williams was awarded benefits.

Hall then moved for attorney's fees before the magistrate

---

[*] District Judge of Eastern District of Texas, sitting by designation.

1

judge pursuant to the EAJA, seeking fees in excess of the $75 per hour statutory cap based on inflation since 1981, the year EAJA was enacted. The magistrate recommended that Hall be awarded fees in the amount of $75 per hour and Hall objected. The district court adopted the magistrate judge's recommendation and awarded attorneys fees of $75 per hour.

## STANDARD OF REVIEW

This Court will modify an award of attorney's fees made under the EAJA only if the court below abused its discretion in setting the amount of the award. *Pierce v. Underwood,* 487 U.S. 552, 570, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).

## ANALYSIS

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Hall sought attorney's fees in excess of $75 per hour, arguing that $111.77 per hour, derived by adjusting the $75 statutory cap by the cost of living increase between 1981 and 1994, was a reasonable rate. The district court recognized that "while the cap has now changed because of inflation to approximately $111 per hour, that cap remains a ceiling under which $75 per hour attorney fees awards can certainly be awarded." The district court found

2

that "fee awards of $75 per hour in this area satisfy the "dual purpose' of the EAJA § 2412(d) "to ensure adequate representation for those who need it *and* to minimize the cost of this representation to taxpayers,' " citing *Baker v. Bowen,* 839 F.2d 1075 (5th Cir.1988). The court went on to note that an upward fee adjustment based on the limited availability-of-attorney factor was likewise not warranted by the evidence in this case.

*Did the Court Consider the Right Factors?*

First, Hall contends that the district court erred by failing to take into account the increase in the cost of living and to adjust the cap upward from $75. We disagree. The district court specifically recognized that the statutory cap, adjusted for inflation, was approximately $111 at the time of the award in this case. Nonetheless, the district court found that a $75 per hour award, well below the $111 ceiling, satisfied the purposes of the EAJA.

Second, Hall complains that the district court erred in considering the special statutory factor. Hall does not take the position that the limited number of attorneys available to handle these cases, or any other special factor, warranted an above-cap upward adjustment. Instead, she argues that once the $75 cap has been adjusted for inflation, the EAJA fee analysis reverts to the normal "reasonableness" determination, under which the special factors referenced in the statute are not controlling. We understand this argument as a contention that the district court's consideration of the availability-of-attorney factor was error. It

3

was not.  The court merely considered the special factor set out in the statute that could potentially have impacted the question before it.  He determined that it did not.  Neither the consideration of the factor nor the conclusion that it did not impact the outcome was error.

Third, Hall contends that the district court erred in failing to award "reasonable attorney fees ... based on the prevailing market rates for the kind and quality of services furnished."  28 U.S.C. 2413(d)(2)(A).  The Supreme Court has held that reasonable rates are determined by reference to ".. those prevailing in the community for lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).  The Court further indicated that the twelve factors set out in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir.1974) are relevant in the rate determination.  *Id.*  However, the Supreme Court has made it equally clear that reasonable market rates for attorneys cannot be considered as a special factor justifying an upward adjustment of the cap.  *Pierce v. Underwood,* 487 U.S. 552, 573, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988).

The question presented in this appeal is whether and to what extent the special factors, particularly availability-of-attorneys, control the determination of what is a "reasonable" attorney fee within the range allowed by the cap.  This Court has held:

> [It is not necessary] that attorneys' fees awards track the cost-of-living index for the geographical area.  Although this indicator is certainly significant, it may not be conclusive; such a decision is within the discretion of the district

4

court. In order to satisfy both goals of the provision, however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was enacted in 1981.

*Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988).

The Supreme Court, in *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), decided after *Baker,* excluded the EAJA's cost of living provision from its review of EAJA's special factors and treated cost of living adjustment as part of the cap itself, which it termed "$75 cap (adjusted for inflation)" or "$75 per hour (adjusted for inflation)." *Pierce,* 487 U.S. at 571-74, 108 S.Ct. at 2553-54. The separation of the cost of living increase from the special factor analysis is appropriate under the statute, which separates the cost of living authorization from the special factor issue, authorizing an increase in attorney fees if "the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. 2412(d)(2)(A)(ii) (emphasis added). *Baker* likewise made clear that this Court recognizes the two independent prongs for fee adjustment. *See Baker,* 839 F.2d at 1985 n. 4.

The statute and the cases make it clear that the EAJA imposes a $75 cap that can be exceeded only if the court determines that a higher fee is justified by inflation or a special factor, such as limited availability of attorneys. The cap, adjusted for inflation, cannot be exceeded absent a finding of other special factors not specifically delineated in the statute. However, a

5

district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case.

We hold that the district court was correct in adjusting the $75 statutory cap upward to $111 due to inflation. The district court was further justified in considering the goals of the statute in arriving at a reasonable rate of attorney's fees within the cap. In sum, the district court in this case did not abuse its discretion in arriving at a reasonable hourly rate for Hall's attorney.

*Uniformity*

The trial court recognized that:

> the decision on whether or not to adjust for cost of living increases is *not* an "individualized' one[ ] and other courts in this district have in fact made upward adjustments based on the cost of living increases. However, this court disagrees with those other courts and finds that fee awards of $75 per hour in this area satisfy the "dual purposes' of EAJA.[1]

In *Baker,* we held that a determination of the appropriateness of increases based on the cost of living factor and the availability-of-attorneys factor must be uniform among the Dallas district courts. Likewise, these factors should be uniformly applied by the New Orleans district courts. Although there appears no justification in the record of this case for remand, we invite the district judges of the Eastern District of Louisiana to address

---

[1]*See, e.g., Mark v. Shalala,* Civil Action No. 92-1202, Eastern District of Louisiana, wherein plaintiff's attorney's fees were set at $111.77 per hour; *Robinson v. Sullivan,* Civil Action No. 91-2216, Eastern District of Louisiana, wherein plaintiff's attorney's fees were set at $100.

any lack of uniformity in the district and to address the issue with a view toward developing the required uniformity.

## CONCLUSION

The attorney's fees award entered by the district court is AFFIRMED.